ANDREWS v. FULLER.    (No. 116.)

(Court of Civil Appeals of Texas. Beaumont. April 20, 1916. Rehearing Denied May 18, 1916.)

1. APPEAL AND ERROR ☞1012(1)—REVIEW—QUESTIONS OF FACT—FINDINGS OF COURT—"PREPONDERANCE OF EVIDENCE."

The Court of Civil Appeals will not set aside a judgment rendered by the lower court simply on a matter of a preponderance of evidence, which is not the number of witnesses, but the weight and value that is given to the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3990–3992; Dec. Dig. ☞1012(1).

For other definitions, see Words and Phrases, First and Second Series, Preponderance.]

2. APPEAL AND ERROR ☞1151(2) — ACTION FOR DAMAGES—ATTORNEY'S FEES—EVIDENCE—JUDGMENT.

In an action for damages to a car of potatoes injured in transit where the record shows

no evidence as to the employment of attorneys or as to the value of their services, a judgment allowing plaintiff an attorney's fee was without basis in the evidence, and will be reformed by striking out the amount so allowed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4498–4500, 4503–4505; Dec. Dig. ☞1151(2).]

Appeal from Newton County Court; W. E. Gray, Judge.

Action by A. L. Fuller against Frank Andrews, receiver, Orange & Northwestern Railway Company. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Wightman & Hancock, of Newton, for appellant. Chas. D. Smith, of Beaumont, T. J. Fortenberry, of Kirbyville, and O. B. Wigley, of Newton, for appellee.

BROOKE, J. Appellee filed suit in justice court, Newton county, for damages for a car of potatoes injured in transit from Call in Newton county to Victoria in Victoria county, over the railroad of appellee, amount sued for being $189, $169.25 damages, and $19.75 attorneys' fees.

Trial was had in justice court, December 14, 1914, and judgment rendered for appellee for $169.25 as damages and $19.75 attorneys' fees. Appellant appealed from the justice court to the county court of Newton county. In the county court appellee renewed his prayer for $169.25 damages, and $19.75 attorneys' fees. Judgment was rendered for appellee in the county court on October 6, 1915, for $169.25 damages, and $16.96 attorneys' fees. From this judgment of the county court appellant perfected his appeal to this court.

The case was tried in the court below by the court, and conclusions of law and fact were filed, as follows:

"The court upon the request of defendant in said cause finds as its conclusions of fact the following:

"(1) That the plaintiff in this cause, A. L. Fuller, shipped a car of potatoes on or about the 17th of January, 1913, from Call in Newton county, Texas, over the Orange & Northwestern Railway Company to C. O. Hobbs at Victoria, Texas.

"(2) That these potatoes were loaded into the car at Call, Texas, in good condition, and were in good condition at the time they were delivered to the defendant.

"(3) That the agent of plaintiff instructed the defendant company to keep the vents in the car open, except in case of severe cold weather.

"(4) That the car of potatoes was in course of time delivered to consignee, Hobbs, at Victoria, Texas, on or about January 22, 1913, with all vents closed.

"(5) That the weather from the time the car left Call until it was delivered to consignee was warm and not severely cold.

"(6) That the potatoes in the car were in a hot, sweating and moulded condition when it was delivered to consignee.

"(7) That this condition of the contents was caused by the vents in the car having been closed during transit.

"(8) That 186 bushels of these potatoes were so rotten and decayed as to be unfit for use when the car was opened.

"(9) That the damage to this car of potatoes was caused by negligent and careless handling of the same by the defendant while in transit.

"(10) That the reasonable market value of these potatoes at the time of the loss of same were 75 cents per bushel.

"(11) That $20.46 was the amount of freight paid by plaintiff on that portion of the car that was damaged and lost, as above found.

"(12) That C. O. Hobbs paid $10 for the work of assorting and unloading the car, which amount was repaid by A. L. Fuller, plaintiff.

"(13) That a written claim for the damages was presented by plaintiff to the defendant more than 30 days prior to the filing of this suit.

"(14) That the sum of $16.96 is a reasonable allowance for attorneys' fees in this case, and I further find that reasonable attorneys' fees were orally pleaded and asked for in the original trial of this cause in justice court.

"Conclusion of Law.

"From the foregoing conclusions of fact, the court finds the defendant is liable to the plaintiff herein for damages to the car of potatoes, as follows:

| | |
|---|---|
| 186 bushels lost at 75 cents per bushel | $139.50 |
| Freight on portion lost | 20.46 |
| Paid for unloading and assorting | 10.00 |
| Reasonable attorneys' fees | 16.96 |
| Total | $186.92" |

Appellant in his first, second, and fourth assignments of error assails the action of the lower court in finding for the appellee damages, as above stated, claiming that the findings of fact and law by the court as to said damages are unsupported by the evidence and against the great preponderance of the evidence. We have carefully examined the record as to this contention of the appellant, and we find there is testimony to support all the findings of the court, save and except the findings as to attorneys' fees.

[1] It is not to be thought that this court would set aside a judgment rendered by jury or by the lower court simply on a matter of a preponderance of evidence. We are not in position to say whose testimony the trial court gave credence, and the preponderance of evidence is not the number of witnesses, but the weight and value that is given to the evidence by the jury or by the trial court. As said above, the evidence is sufficient to support all of the findings of the court, save and except in the matter of attorneys' fees.

By the appellant's third assignment, the action of the lower court is challenged in finding judgment for plaintiff for $16.96 attorneys' fees.

[2] We have examined the record to find if there is any evidence introduced with reference to attorneys' fees, but have been unable to do so. The record is silent with reference to whether attorneys had been employed, and the reasonableness of what such services would be worth in a case like the present. In so far as the record is concerned, it does not disclose that attorneys were employed at all, or if so, as said above, the reasonable value of their services in this case.

We are unable to see, there being no testimony, how the court could arrive at a con-

clusion of what such fees would be reasonably worth in a case like the present. There is nothing, therefore, upon which to base such a judgment, and therefore we are constrained to sustain the appellant's third assignment. The judgment of the court below will be reformed that the appellee recover damages as found by the court, save and except the $16.96 attorneys' fees.

The judgment, as so reformed, will be affirmed; and it is so ordered.